UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURMON TROY BUTLER, III,

       Plaintiff,

  v.                                      Civil No. 2:17-cv-12439
                                           Paul D. Borman
                                           United States District Judge

DAVID CRABTREE, et al.,

       Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL

I.    INTRODUCTION

      The Court has before it Plaintiff Durmon Troy Butler III's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at the Saginaw Correctional Facility in Freeland, Michigan. Having reviewed plaintiff's complaint, the Court dismisses it in part with prejudice for failing to state a claim upon which relief can be granted and in part without prejudice. The Court denies plaintiff's motion for the appointment of counsel.

II.  STANDARD OF REVIEW

      Plaintiff has been allowed to proceed without prepayment of fees. See 28 §

1

U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997).

However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *See also Havard v. Puntuer,* 600 F. Supp. 2d 845, 850 (E.D. Mich. 2009). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

III. COMPLAINT

Plaintiff claims that he was arrested and charged with the crime of second-degree home invasion in Macomb County, Michigan. Plaintiff alleges that defendant David Crabtree, a detective with the Macomb County Sheriff's Department, seized plaintiff's 2000 Chevrolet SUV and other personal property at the time of the arrest. Detective Crabtree claimed that these items were evidence in plaintiff's criminal case. Plaintiff repeatedly requested the return of his vehicle and other property from the Sheriff's Department or the Macomb County Prosecutor's Office. Plaintiff claims that Judge Diane M. Druzinski, a named defendant, did issue an order for the return of plaintiff's property that was not related to the criminal investigation. When some of plaintiff's relatives subsequently went to the Macomb County Jail to obtain his property, Detective Crabtree refused to turn over the property to the relatives, stating that Paul Bukowski, an assistant prosecutor and another named defendant, intended to use this property as evidence against plaintiff at his trial. When plaintiff brought the issue to Judge Druzinski a second time, she refused to help him further. Plaintiff alleges that the deprivation of his property left him without the ability to obtain funds to bond out of jail pending trial or to obtain adequate counsel for his criminal trial. Plaintiff also claims that it caused him mental anguish. Plaintiff was

3

convicted in three separate cases of one count each of first-degree home invasion, second-degree home invasion, and attempted third-degree home invasion.[1] Plaintiff seeks monetary damages.

IV. DISCUSSION

Plaintiff's complaint must be dismissed for several reasons.

Plaintiff is unable to maintain a 42 U.S.C. § 1983 action to either get back his property or obtain monetary damages for the seizure of his property.

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson*, 167 F.3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Where a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his state remedies, the case should be dismissed.

---

[1] This Court obtained some of this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

*See Bass,* 167 F.3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for the loss of his property. "State tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Plaintiff, in fact has adequate post-deprivation remedies available in the Michigan courts. Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, Mich. Comp. Laws § 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's property would not rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001).

To the extent that plaintiff seeks monetary damages from his criminal conviction, he is not entitled to relief. Plaintiff is unable to obtain monetary damages arising from his criminal conviction absent a showing that the criminal conviction was overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *See also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003). Because plaintiff does not allege that his conviction was overturned, expunged, or called into question by a writ of habeas corpus, any allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted. *See Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Plaintiff is also not entitled to damages for the alleged mental anguish that he suffered as a result of the alleged wrongful seizure of his property. 42 U.S.C. § 1997e(e) states that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

Plaintiff is unable to maintain a civil rights action for his alleged mental anguish because his complaint fails to allege any physical injury as a result of the deprivation of his property. *See Hardin–Bey v. Rutter*, 524 F.3d 789, 795–96 (6th Cir. 2008).

The Court dismisses plaintiff's complaint because he has failed to state a claim upon which relief can be granted. Because the Court is dismissing plaintiff's allegations relating to his criminal prosecution under *Heck*, the dismissal of those claims will be without prejudice. *See e.g. Finley v. Densford,* 90 F. App'x. 137, 138 (6th Cir. 2004). Plaintiff's remaining claims will be dismissed with prejudice for failing to state a claim upon which relief can be granted.

The Court will deny plaintiff's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F.3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Appointment of counsel is not appropriate in a civil case where a *pro se* litigant's claims are frivolous or without merit. *See Lavado v. Keohane,* 992 F.2d 601, 605-06 (6th Cir.

1993). The Court will dismiss the complaint. Because plaintiff's complaint against the defendant lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint is summarily DISMISSED IN PART FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND IN PART WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

IT IS FURTHER ORDERED that the motion for the appointment of counsel [Docket No: 3] is DENIED.

IT IS FURTHER ORDERED that any appeal taken by plaintiff would not be done in good faith.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2017.

                                                s/Deborah Tofil
                                                Case Manager